UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHADWICK KISTER,

          Plaintiff,

                                      Case No. 2:21-cv-5917

    v.                                    Judge Michael H. Watson

                                      Magistrate Judge Kimberly A. Jolson

STATE OF OHIO,

          Defendant.

## ORDER and
## REPORT AND RECOMMENDATION

This matter is before the Court to evaluate the stay previously issued herein (Doc. 9), and to consider Plaintiff's applications to proceed *in forma pauperis* (Doc. 1, 4 (PageID 27-29), 7). The matter was stayed because Plaintiff, who is proceeding in this action *pro se*, had been found "not competent, but potentially restorable" by the Court of Common Pleas for Athens County, Ohio, and ordered to undergo restoration services. *See* Feb. 10, 2022 Entry in Case Nos. 21CR0532, 21CR0522, available by name or case number search https://coc.athensoh.org/eservices/search.page.9.1?x=-hx2TbKjG4J5PWfuodqdZQ (accessed Aug. 15, 2022) (the "State Court Cases").[1] In addition, the Sixth Circuit was considering an appeal of this Court's denial, in a separate case, of Plaintiff's previous application to proceed *in forma pauperis*. *See Kister v. Southeast Ohio Regional Jail*, S.D. Ohio No. 2:21-cv-2278, 6th Cir. No. 22-3048.

The Court understands that Plaintiff has been found competent to stand trial, as his State Court Cases appear to be proceeding at this time. And, the Sixth Circuit recently denied Plaintiff's

---

[1] This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

request for permission to proceed *in forma pauperis* on appeal, finding that he did not demonstrate his indigency. *Id*. (Order, Aug. 11, 2022). Accordingly, the stay previously imposed in this case is **LIFTED**. The matter will **PROCEED**.

Plaintiff has filed three applications to proceed *in forma pauperis*. (Doc. 1, 4 (PageID 27-29), 7). In his first and second applications, he indicated he received social security income of $9,500, and owned real estate valued at $30,000, and a vehicle valued at $400. (Doc. 1, PageID 2-3; Doc 4, PageID 27-28). Some debts were listed on the first application, although Plaintiff did not provide any monthly payments amounts for them. (Doc. 1, PageID 3). With the second application, Plaintiff provided an unsigned document entitled "Inmate Balance History Report," showing an ending balance of $9. (Doc. 4, PageID 29).

At the time Plaintiff filed these applications, he was a pre-trial detainee at the Southeastern Ohio Regional Jail. (Doc. 1, PageID 3; Doc. 4, PageID 27-29; *see also* Order, Doc. 6). As a prisoner, he is subject to the requirements of the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h). This Court ordered him to file the appropriate application form, with the required supporting documentation, for prisoners:

> Because Kister appears to be currently detained at Southeastern Ohio Regional Jail, he must submit the specific IFP Application relevant to prisoners: the "Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees." He must include the required Affidavit, as well as "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915. The Clerk is **DIRECTED** to mail Kister a blank copy of the Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees to his address on file.

(Doc. 6, PageID 37). Thereafter, Plaintiff filed his third application to proceed *in forma pauperis,* using the appropriate form. (Doc. 7). He indicated that he received social security income of $9,500, received gifts of $250, and had an "unknown" amount of funds as "cash or checking or

2

savings accounts outside the prison." (Doc. 7, PageID 41-42). He valued his real estate at $0 (rather than $30,000) and his vehicle at $400. (*Id*. at PageID 42). He also indicated he had *negative* income of $6,000, in that: "My business, the Nelsonville Hotel is now losing money – adding to debt." (*Id*.). Plaintiff attached to his third application a Certificate from the jail's cashier showing the balance in his inmate account of $15.31, with average monthly deposits of $50. (Doc. 7, PageID 44).

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331 (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must [not] be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id*. at 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id*. Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id*.

Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-cv-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014) (citing *Cognetto v. Comm'r of Soc. Sec.*, 2014 WL 358465, at *1 (E.D. Mich. Jan. 31, 2014)).

Here, the information provided in Plaintiff's three applications (Doc. 3, 4, 10) does not

demonstrate his inability to pay the filing fee. Petitioner's applications, particularly the third application, reflects that he has an "unknown" amount of funds in cash or bank accounts outside the jail. (Doc. 7, 10, PageID 42). He receives income from social security of $9,500. (Doc. 1, PageID 2; Doc. 4, PageID 27; Doc. 7, PageID 41). The value of his real property is either $30,000 or $0, and his business is either not earning money or losing money. (Doc. 1, PageID 2-3; Doc. 4, PageID 28; Doc. 7, PageID 41-42). Faced with such information in other filings by Plaintiff, both this Court and the Sixth Circuit have found that Plaintiff did not demonstrate his indigency. *See Kister v. Southeast Ohio Regional Jail*, S.D. Ohio No. 2:21-cv-2278 (Order,[2] Doc. 6); *Kister v. Athens County Sheriffs*, S.D. Ohio No. 2:21-cv-5428 (Order,[3] Doc. 21); *Kister v. Southeast Ohio*

---

[2] This Court said:
> [T]he Magistrate Judge found that Plaintiff did not meet this threshold standard [to proceed *in forma pauperis*]. (ECF No. 4.) This was because his IFP Application represented (i) that he had "almost $2,000 'in cash or in a checking or savings account'["] and (ii) that he owned property valued at $30,000. (ECF No. 4 at PageID #23.) The Magistrate Judge further recognized that Plaintiff had various debt obligations, but that none of them appeared to be sufficiently "onerous" in light of his "property and savings." (*Id.*)
>
> Plaintiff objects to the Magistrate Judge's core factual findings above. (*See* ECF No. 5.) He states, for example, that he has "far less than a combined $2,000 in his bank accounts," and that the property he owns is similarly worth "far less" than $30,000. (*Id.*) But that is not what Plaintiff stated in his IFP Application. Rather, as the Magistrate Judge correctly noted, Plaintiff declared that he had (i) $1,720 stored in various bank accounts and (ii) a property in Nelsonville, Ohio valued at $30,000. (ECF No. 3-1.) Outside of his objections, Plaintiff has not provided the Court with any documentation (e.g., a bank statement) that contradicts his sworn IFP Application. Thus, for the reasons the Magistrate Judge stated in the Report, the Court is satisfied that Plaintiff has not sufficiently demonstrated that he qualifies for *in forma pauperis* status.

*Kister v. Southeast Ohio Regional Jail*, S.D. Ohio No. 2:21-cv-2278 (Order, Doc. 6).

[3] This Court said:
> The Magistrate Judge reasoned:
>> [T]he information set forth in Plaintiff's *in forma pauperis* affidavits does not demonstrate his inability to pay. The affidavits indicate that Plaintiff is self-employed, but that he earns no income because his business expenses exceed revenue. While there are some discrepancies between the three affidavits, all three demonstrate that Plaintiff has significant valuable assets, including real property and vehicles worth over $30,000. In light of these assets, the debts he lists are not so significant as to render him indigent. *See* [*Cognetto v. Comm'r of Soc. Sec.*, 2014 WL 358465, at *1 (E.D. Mich. Jan. 31, 2014)] (noting that for purposes of evaluating an application to proceed *in forma pauperis* under § 1915(a), assets to be considered "include equity in real estate and automobiles").
>
> ([Report & Recommendation, 3].)
>
> Mr. Kister objects to the Magistrate Judge's Report and Recommendation, arguing that his real property should in fact be valued at $0, because the property has mold, asbestos, outdated

4

*Regional Jail*, 6th Cir. No. 22-3048 (Order,[4] Aug. 11, 2022).

The Undersigned likewise concludes that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay the $402 fee to commence this action and still provide for himself.

Accordingly, it is **RECOMMENDED** that Plaintiff's applications to proceed *in forma pauperis* (Doc. 1, 4 (PageID 27-29), 7) be **DENIED** and that Plaintiff be ordered to pay the full $402 fee ($350 filing fee plus $52 administrative fee) required to commence this action within **thirty (30) days**. It is also **RECOMMENDED** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and that Plaintiff may not proceed on appeal *in forma pauperis*.

Plaintiff is **ADVISED** that he must keep this Court informed of his current address.

### Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN (14) DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected

---

    electric work, and limited improvement prospects due to its historic status. (Obj.)
    Yet, Mr. Kister filed *four* affidavits, signed under penalty of perjury, which list the value of his property as $30,000. (*See* ECF Nos. 3, 4, 5, 9.) He "has not provided the Court with any documentation (*e.g.*, a bank statement) that contradicts his sworn IFP Application." *Kister v. Southeast Ohio Regional Jail*, Case No. 2:21-cv-2278 (S.D. Ohio, Order filed Dec. 16, 2021) (Sargus, J.). Accordingly, the Court concludes that Mr. Kister has failed to demonstrate that his poverty prevents him from paying the filing fee.
*Kister v. Athens County Sheriffs*, S.D. Ohio No. 2:21-cv-5428 (Order, Doc. 21).

[4] The Sixth Circuit said:
    Kister's motion also demonstrates his ability to pay a filing fee without undue hardship. In it, Kister lists monthly disability income of $5,600 and monthly expenses of $633. He also states that he has a job but does not list his monthly pay because he has not received his first paycheck. He has $200 in his checking accounts, a home with no value, and a vehicle valued at $400. He is not expecting any changes to his monthly income and expenses or assets over the next year. His current financial situation does not suggest that payment of the one-time filing fee would deny him life's necessities. *See Adkins*, 335 U.S. at 339.
*Kister v. Southeast Ohio Regional Jail*, 6th Cir. No. 22-3048 (Order, Aug. 11, 2022).

to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

Date: August 17, 2022                                s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE